IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE RAMIREZ, Inmate #61217-079, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HARRELL WATTS, *et al.*, )<br>)<br>Defendants. ) | CIVIL NO. 04-670-MJR |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This action comes before the Court on Plaintiff's motions for temporary restraining order or preliminary injunction (Doc. 12), for reconsideration of the Court's order (Doc. 16), for "proceeding in pro se litigation" (Doc. 17), and to supplement (Doc. 21).

*Temporary Restraining Order*

Plaintiff seeks issuance of a temporary restraining order (TRO), which is an order issued without notice to the party to be enjoined that may last no more than ten days. A TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*.

Moreover, federal courts must exercise equitable restraint in when asked to take over the

administration of a prison, something that is best left to correctional officials and their staff. Therefore, Plaintiff's request for issuance of a temporary restraining order (Doc. 12) is **DENIED**.

*Preliminary Injunction*

> In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction.

*Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999). Without expressing any opinion as to the merits of Plaintiff's claims, the Court finds that it cannot grant injunctive relief in this matter. Documents submitted by Plaintiff indicate that he is receiving medical treatment by physicians at Marion and that he had an evaluation by an outside orthopedic surgeon, including an MRI and ultrasound examination. None of the tests showed the need for Plaintiff to have surgery. These documents inform the Court that Plaintiff does not face irreparable harm without an injunction. Furthermore, Plaintiff has an adequate remedy at law regarding his delay in receiving medical treatment in the form of this civil rights action. Therefore, Plaintiff's request for a preliminary injunction (Doc. 12) is **DENIED**.

*Motion to Reconsider*

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it

is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

The motion Plaintiff challenges was entered on September 8, 2004, but the instant motion was not filed until September 12, 2004, well after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Plaintiff claims that Defendants Watts and Hershberger should not have been dismissed from the action because they had actual knowledge of Plaintiff's complaints. These arguments do not suggest clerical mistake; instead, these arguments challenge the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion

(Doc. 16) is **DENIED**.

*Motion Proceeding in Pro Se Litigation*

In this motion, Plaintiff states that he is proceeding pro se in the instant action, and states that his pleadings should not be held to the stringent standards of pleadings drafted by lawyers. He also states that the public interest will be served if relief is granted in his case. He does not request any specific remedy. Because the Court is unable to determine what relief Plaintiff is seeking with this motion, the motion (Doc. 17) is **DENIED** as moot.

*Motion to Supplement*

Plaintiff requests that he be allowed to supplement his motion for injunctive relief with a number of exhibits. This motion (Doc. 21) is **GRANTED**.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Plaintiff's motion for temporary restraining order and preliminary injunction (Doc. 12) is **DENIED**, Plaintiff's motion for reconsideration (Doc. 16) is **DENIED**, Plaintiff's motion "for proceeding in pro se litigation" (Doc. 17) is **DENIED**, and Plaintiff's motion to supplement (Doc. 21) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED this 31st day of August, 2005.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**