# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSE RAMIREZ, Inmate #61217-079,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 04-670-MJR** |
| | ) | |
| **HARRELL WATTS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

     This action was transferred to this district from the Western District of Missouri in September 2004.  At the time of transfer, Plaintiff had filed his original complaint, plus two amended complaints.  Currently pending before the Court are two additional motions to amend the complaint (Docs. 23 and 30), two motions to add additional defendants (Doc. 24 and 29), a motion for leave to add exhibits (Doc. 28), and a notice of corrections to the amended complaint (Doc. 27).  Because of the vast number of documents that have been filed, the Court is unable to determine at this point which of the amended complaints Plaintiff intends the Court to review as the complaint in the action.  Upon closer inspection, it appears that Plaintiff, at each request, is attempting to add new claims and new defendants to the original complaint filed in 2004.  Because of the difficulty this will cause if the litigation proceeds, when Defendants must be served and must answer the complaint, the Plaintiff will not be allowed to submit his complaint piecemeal so that each defendant is required to sift through numerous complaints (five at this point) to determine the claims against him.  Therefore, Plaintiff's motions to amend the complaint (Docs. 23 and 30), motions to add

additional defendants (Docs. 24 and 29), and motion for leave to add exhibits (Doc. 28) are **DENIED**.

The Court recognizes Plaintiff's right to amend his complaint under the federal rules. *See Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995) (Fed. R. Civ. P. 15(a) expressly grants a Plaintiff one opportunity to amend his complaint before responsive pleading is served). Accordingly, the Court will grant Plaintiff an additional **thirty (30) days** in which to file an amended complaint that contains **ALL** claims against **ALL** Defendants and conforms to the requirements of the Federal Rules of Civil Procedure and the Court's local rules.

> Amended pleadings and supplemental pleadings shall contain all allegations which a party intends to pursue. All new material in the amended pleadings shall be underlined. The original of the amended pleading shall be attached to the motion to amend the pleading so that it may be filed if the motion to amend is granted.

Local Rule 15.1; *see* FED.R.CIV.P. 15.

The Clerk is **DIRECTED** to forward Plaintiff a copy of the Court's form civil rights complaint for Plaintiff to use as a guide in preparing this amended complaint. The Court emphasizes the instructions on that form directing Plaintiff to ***state as briefly as possible the facts of his case***, naming with specificity the defendants who Plaintiff believes violated his civil rights.

Furthermore, the Court recognizes that Plaintiff has filed a number of exhibits to support his claims. In particular, Plaintiff filed, and the Court granted, a motion to supplement the complaint (Doc. 21). Plaintiff will not be required to resubmit each of those exhibits. Plaintiff may request that those exhibits, but only those exhibits, be incorporated into his amended complaint.

If Plaintiff chooses not to submit an amended complaint as described above, after thirty (30) days the Court will conduct its threshold review of the case based on the facts and defendants listed

in  the second amended complaint submitted at transfer (Doc. 11) and the exhibits approved by the Court in July 2005 (Doc. 21).

Also pending before the Court are Plaintiff's motion for appointment of counsel (Doc. 25) and motion for service of process (Doc. 26).  Both of these motions are **DENIED** without prejudice. After Plaintiff submits his amended complaint, which contains all claims against all defendants, the Court will conduct its threshold review of the case pursuant to 28 U.S.C. § 1915A.  At that time, the Court will order the United States Marshal to serve process on those Defendants that survive threshold review.  Plaintiff will not be required to file a motion so requesting.  After the threshold review has been completed, Plaintiff may file another motion for appointment of counsel.

**IT IS SO ORDERED.**

**DATED this 13th day of July, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**