IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSE RAMIREZ**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **04-670-MJR** |
| | ) | |
| **HARRELL WATTS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is defendants Stepp, Bakke, Li, Castillo, Cross, Davis, Lyle, Welch and Krueger's motion to dismiss this action or, in the alternative to compel plaintiff Ramirez to pay costs associated with a skipped deposition and/or to appear for deposition. **(Doc. 101).** Plaintiff was granted an extension of time to respond to the subject motion, but he has never done so. **(*See* Doc. 114).** Also before the Court is a related motion filed by the defendants, seeking dismissal of this action for failure to file a response, which the defendants perceive is a failure to prosecute on plaintiff's part. **(Doc. 115).** Plaintiff has also failed to file a response to the second motion to dismiss.

As a preliminary matter, the Court must clarify that, both motions are construed as discovery-related motions, as opposed to true dispositive motions. Therefore, a report and recommendation is not warranted. *See* **28 U.S.C. § 636(b)(1)(A); and Fed.R.Civ.P. 37.**

The defendants properly scheduled and sent notice of plaintiff's deposition, but plaintiff failed to appear. The defendants incurred the expense of having a court reporter appear– $49.60. Plaintiff has not shown cause for his failure to appear. Therefore, in accordance with Federal

1

Rule of Civil Procedure 37(d), assessment of costs and/or dismissal of the action are possible remedies.

The assessment of costs is certainly warranted. In addition, if the defendants continue to want to depose plaintiff (presumably depending on the outcome of pending dispositive motions), plaintiff must submit to deposition or face dismissal of this action for want of prosecution and failure to permit discovery.

Dismissal of an action is an extreme remedy. The record reflects that plaintiff had knee surgery just 19 days after the deposition date, and the deposition was to occur in Fairview Heights, Illinois, which would require plaintiff to travel from Holland, Michigan. (***See* Doc. 113).** Insofar as the defendants view plaintiff's failure to file a written response to the subject motion and pending dispositive motions as a failure to prosecute, they have misread the Court's order dated March 27, 2008 **(Doc. 114)**. The order states: "plaintiff shall have until April 25, 2008, to file written responses. . . ." **(Doc. 114).** The order did not demand that responses be filed. Therefore, dismissal of this action is inappropriate and this Court will not recommend that U.S. District Judge Michael J. Reagan entertain such a sanction.

**IT IS THEREFORE ORDERED** that, for the aforestated reasons, defendants Stepp, Bakke, Li, Castillo, Cross, Davis, Lyle, Welch and Krueger's motion to dismiss this action or, in the alternative to compel plaintiff Ramirez to pay costs associated with a skipped deposition and/or to appear for deposition **(Doc. 101) is GRANTED IN PART AND DENIED IN PART** More specifically, on or before **August 15, 2008**, plaintiff shall pay the defendants **$49.60**. Plaintiff shall submit payment to the **U.S. Attorney, 9 Executive Drive, Fairview Heights, IL 62208**, and such payment shall be sent in reference to the above-captioned case, attention

Assistant U.S. Attorney Laura J. Jones. Upon receipt of payment, the U.S. Attorney's Office shall immediately file a notice with the Court. Of course, if payment is not received, the defendants will likely file a motion to dismiss, which will undoubtedly be granted, resulting in dismissal of this action. Furthermore, plaintiff shall submit to deposition upon receipt of a notice scheduling said deposition. Failure to submit to deposition will result in dismissal of this action.

**IT IS FURTHER ORDERED** that, for the aforestated reasons, defendants Stepp, Bakke, Li, Castillo, Cross, Davis, Lyle, Welch and Krueger's motion to dismiss this action **(Doc. 115)** is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 29, 2008**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**